FRANK MOCKEL v. THE PAWTUCKET GAS COMPANY OF NEW JERSEY AND BLACKSTONE VALLEY GAS & ELECTRIC COMPANY.

NOVEMBER 16, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Trial.   Adding New Party to Action.*

Plaintiff brought an action of trespass on the case for negligence against the X Company of New Jersey. Defendant pleaded the general issue. It appeared at the trial that defendant was a holding company for the X Company, the operating company. Defendant moved for direction of verdict and plaintiff moved to reopen case and add the X Company as a party defendant which latter motion was denied.

It appeared that plaintiff acted upon erroneous information given him:—

*Held*, that it was not a case of misnomer of a defendant's corporate name, but one where plaintiff deliberately intended to sue the corporation made a defendant, under the mistaken belief that it might be the responsible party, and the act of defendant in asking for a bill of particulars while it might be unnecessary was not a deception.

*(2)   Trial.   Adding New Party to Action.   Statute of Limitations.*

The statutes of this State relating to amendments and the bringing in of new
parties while broad are not unlimited, and do not permit the joining of a
new party defendant by addition to the original suit after the statutory
period for bringing suit has elapsed.

TRESPASS ON THE CASE for negligence.    Heard on excep-
tion of plaintiff and overruled.

STEARNS, J.   Plaintiff brought an action for negligence
against these defendants, July 8, 1925.   The writ directed
the sheriff to summon "The Pawtucket Gas Company, of
New Jersey, a New Jersey corporation, doing business in
the City of Pawtucket, State of Rhode Island, and Black-
stone Valley Gas & Electric Company, a Rhode Island
corporation, doing business in the City of Pawtucket, State
of Rhode Island;" it was served by leaving an attested
copy "with Geo Stiness for each of deft corporations."
The description of defendants was the same in the declara-
tion.   Plaintiff joined the defendants because he was un-
certain whether the driver of a truck which injured him
was the servant of one or the other; his purpose being to
ascertain which corporation was liable.   (G. L. 1923, C. 333,
s. 20.)   The same attorney entered an appearance for each
defendant.   The declaration charged that plaintiff was
injured by reason of the negligent operation of an automo-
bile truck operated by the servants of the defendant cor-
porations.   Each defendant filed a plea of the general issue
and later a motion for surety for costs and a bill of par-
ticulars.   Plaintiff made an affidavit of inability to furnish
surety and filed a bill of particulars.   The case was assigned
for trial to January 25, 1926.   By agreement of counsel this
assignment was vacated and the case was reassigned to
June 25, 1926, then to March 25, 1927, and again to October
21, 1927, at which time the action was tried.

Before opening his case to the jury plaintiff discontinued
the case against the Blackstone Valley Gas & Electric
Company.

The evidence for plaintiff is that on the evening of November 18, 1924, he stepped out of an automobile in which he had been riding onto the highway; while standing in the street he was struck and injured by an automobile truck on which was the sign "Pawtucket Gas Company."

Defendant called one witness only, George Stiness. He testified that he was the treasurer of the Pawtucket Gas Company of New Jersey, a corporation chartered under the laws of New Jersey; that this corporation was a holding company which owned a large majority of the stock of, and did the financing for, The Pawtucket Gas Company, a corporation chartered under the laws of Rhode Island; that the New Jersey corporation did no business in this State in connection with the gas business and had no property herein except a few account books; that he was treasurer of the defendant New Jersey corporation and of the Rhode Island corporation, The Pawtucket Gas Company; that the Rhode Island corporation owned and operated trucks in connection with its lighting business, which usually had signs affixed to them; some had "Pawtucket Gas Company," others "P. G. Co."

At the conclusion of the evidence counsel for defendant moved for the direction of a verdict. Counsel for plaintiff then said to the court: "I would first like to move, the real party now appearing, it having failed to appear in the case since its inception, that the case be reopened and that the real defendant, The Pawtucket Gas Company, a Rhode Island corporation, be added a party defendant." This motion was denied, and a verdict was directed for the defendant. To this plaintiff took exception. By his bill of exceptions the question thus raised is the only one before us.

Plaintiff now claims that the Rhode Island corporation was in fact the real defendant throughout the suit; that Stiness must have known it was the corporation plaintiff intended to sue because he knew the New Jersey corporation did not carry on any business in this State. But the

Blackstone Valley Co. is an operating company in this State. The writ simply gave Stiness notice that plaintiff was bringing an action against one or the other defendant described in the writ. The basis of the action was not disclosed until the declaration was filed. It is likely that at that time, if not before, defendants' attorney knew that neither of his clients was responsible for the accident. The pleas of the general issue which he filed were proper. It is claimed that the New Jersey corporation should have filed a plea in abatement setting out its relation to the Rhode Island corporation; but such a plea if objected to would have been held bad, as being nothing other in effect than the general issue. The attorney for the defendants was not the attorney for the Rhode Island corporation. That corporation has never appeared or been represented by counsel in any of the proceedings.

This is not a case of misnomer of a defendant's corporate name. If it was, an amendment substituting the correct description would doubtless be allowed. But plaintiff, as it appears from his attorney's affidavit filed in this court, acted upon erroneous information given to him from the office of the Secretary of State. It was his deliberate and voluntary intention to sue the New Jersey corporation under the mistaken belief that it might be the party responsible for his injuries. The defendant did not cause his mistake, nor was it guilty of any deception. In the circumstances it was under no legal obligation to inform plaintiff before the trial of the facts as it understood them to be. The Blackstone Valley Gas & Electric Company in any event was entitled to a bill of particulars, as it was an operating company and presumably used automobiles in its business. The action of the attorney in asking for a bill for both defendants may have been unnecessary but it can not, as plaintiff urges, be held to be a deception. When the case went to trial plaintiff discovered his mistake; any new action against the Rhode Island corporation was then barred by the statute of limitations. At common law new defendants

could not be added by an amendment except by the express consent of the parties. 1 Encyc. Pl. & Pr. 542. The right to make the proposed amendment or to add a new party in this case is dependent on the statutes. General Laws 1923, C. 335, ss. 3 and 4, provides that no proceedings in civil causes shall abate for want of form; that pleadings essentially good shall be held good and that the court at any time may permit amendments. Chapter 333, s. 23, provides that no action shall be defeated by the nonjoinder or misjoinder of parties; new parties may be added and summoned in, and parties misjoined may be dropped, by order of the court at any stage of the case, as justice may require, in the discretion of the court, upon such terms as the court may order.

These statutes are remedial, are intended to promote justice and to do away with technicalities. They are broad but not unlimited. An amendment is not a matter of right, but is allowed in the discretion of the court. *Sweeney v. McKendall*, 32 R. I. 347. In *Atlantic Mills v. Superior Court*, 32 R. I. 285, it was held to be in the discretion of the court to permit an amendment in substance to a declaration which did not state a new or different cause of action, although the period of the statute of limitations had elapsed. But a new cause of action can not be substituted by amendment. *Wilcox v. Sherman*, 2 R. I. 540; *Thayer v. Farrell*, 11 R. I. 305; *Slater v. Fehlberg*, 24 R. I. 574; *Carney v. Hawkins*, 34 R. I. 297. The right to join parties when plaintiff is in doubt (G. L. 1923, C. 333, s. 20) is limited. This particular provision of our statute is peculiar to this State. 15 Encyc. Pl. & Pr. 746; *Phœnix Iron Foundry v. Lockwood, infra.* Distinct causes of action against separate defendants can not be joined in an original action. *Phenix Iron Foundry v. Lockwood, et al*, 21 R. I. 556; so the mere unintentional concurrence of the acts of two parties, resulting in damage to the plaintiff, gives him a separate action against each but does not warrant the joinder of the parties in one action. *Mason v. Copeland & Co.* 27 R. I. 232; *Besharian v. R. I. Co. et al*, 41 R. I. 94.

These limitations to original suits also govern the right to add parties defendant. As the Rhode Island corporation would be a new party in this suit it can not now be joined by addition to the original suit after the statutory period for bringing suit has elapsed.

Plaintiff's exception is overruled. Case remitted to Superior Court with direction to enter judgment upon the verdict.

*Boss, Shepard & McMahon,* for plaintiff.
*Sherwood, Heltzen & Clifford,* for defendant.