ELIZABETH HARTZ et al., Appellants, v. GEORGE B. BRUNSON, as Treasurer of Osceola County, and individually, Appellee.

No. 45834.

FEBRUARY 17, 1942.

Carl H. Lambach and Cornwall & Cornwall, for appellants.

H. E. Narey and Geo. E. Gill, for appellee.

MITCHELL, J.—This litigation is an outgrowth of a previous case entitled Hartz v. Truckenmiller, which prior case finally found its way to this court and the opinion on which

will be found in 228 Iowa 819, 293 N. W. 568. On March 1, 1919, the Board of Supervisors of Osceola County, acting through its duly authorized officials, executed drainage bonds in connection with the construction, establishment and improvement of Joint Drainage District 3, Dickinson and Osceola Counties. The bonds were in the statutory form, payable solely out of special assessments. The plaintiffs in this action are the owners in their individual capacity of some of these bonds maturing in the years 1932 and 1933, and they allege in their petition that George B. Brunson, the County Treasurer, on or about November 1, 1933, when all the bonds were past due, paid $3,000 of 1933 maturities when there were 1932 maturities outstanding, and that the assets of the district were insufficient to liquidate and retire all outstanding bonds, and they asked for damages and for judgment against George B. Brunson as Treasurer of Osceola County, Iowa, and individually.

The act on which the claim is based occurred in the year 1933 and this action was not commenced until December 1939. The plaintiff seeks to toll the statute of limitations by alleging that this action is a continuation of a former action, to wit, Elizabeth Hartz v. J. Truckenmiller et al.

A brief outline of the matters involved in the Truckenmiller case is necessary to a clear understanding of the points at issue in this appeal. On September 26, 1935, four of the plaintiffs in this action, to wit: Elizabeth Hartz, Mae Esbjorn, W. L. Schoverling and Stena Schoede, commenced an action against the joint Boards of Supervisors of Dickinson and Osceola Counties, also against the Counties and the Auditors and Treasurers of the respective Counties. In that action the plaintiffs alleged separate ownership of various drainage bonds which had been executed in 1919 by the Board of Supervisors of Osceola County and which had matured in the years 1932 and 1933. The petition as originally filed in that action alleged that certain deficiencies had arisen in the fund because of the inability to collect assessments upon certain of the lands in the drainage district which had gone to tax sale and tax deed and that because of the insufficiency of the fund to pay the bonds, a duty arose to levy an additional assessment and the petition

also alleged that the Treasurer had, in violation of law and the rights of the maturing bondholders, paid out of the funds theretofore collected certain bonds of the maturity of 1933 while the maturity of 1932 was in default and unpaid and thereby depriving the holders of the first maturing series of the money to which they claimed to be entitled.

On August 11, 1938, Veronica E. Brammer, James Lannon and Gordon F. Harkness intervened in the Truckenmiller case, claiming to be the owners individually of certain other drainage bonds issued in connection with such drainage improvement and claiming priority of payment over the claim of the original plaintiffs. There is some little dispute between the parties as to the date this petition of intervention was filed but there has been certified to this court a copy of the original petition of intervention which was filed and it shows that it was filed on the 11th day of August, 1938.

On September 19, 1938, the defendants in the Truckenmiller case separately moved for a dismissal of the petition of the original plaintiffs and the interveners, setting up among other things a misjoinder of causes, the statute of limitations, and the failure of any demand on which to base an action in mandamus. On November 2, 1938, the plaintiffs and interveners filed an amendment to their petition in equity. It re-alleged matters set up in the original petition and petition of intervention and enlarged thereon. In it the plaintiffs allege that the County Treasurer had failed to segregate the funds, had commingled the funds with other collections and that the Treasurer had paid bonds out of order and that the treasury fund pledged for security of the drainage bonds had been depleted because warrants had been drawn for maintenance and repair, the exact nature of which was unknown. It alleged insufficient assets to pay the bonds and asked that the defendants be required to levy an additional assessment. That there be a full and complete accounting in order that the extent of the deficiency might be ascertained. That the liability of the defendant, George B. Brunson, be ascertained, and that he be required to restore the funds to the district in such amount as would satisfy and discharge his liability thereto, and in the

event he fails so to do, that a judgment be entered against him in an amount sufficient to reimburse the plaintiffs for the losses thereby occasioned.

On November 22, 1938, the defendants again severally filed a motion to dismiss the amended and consolidated petition and on December 10, 1938, the plaintiffs in open court voluntarily dismissed the action against Dickinson County and Osceola County as such, and against the County Auditor and County Treasurer of Dickinson County, but insisted on their right to proceed in equity as against the County Auditor, the County Treasurer of Osceola County and the Board of Supervisors of Osceola County. Separate answers were filed by all the defendants, the defendant George B. Brunson pleading among other things misjoinder of parties, of causes of action, and the statute of limitations. The case then proceeded to trial. It was tried on its merits. The trial court entered a decree denying bondholders the right to a reassessment and dismissed the action as to Brunson, the County Treasurer, on the grounds that there was a misjoinder of parties and of causes of action and sustained the motion to dismiss, and dismissed the cause.

On the 6th day of September 1939, the plaintiffs, still insisting on their right to proceed against the County Treasurer in the mandamus action, appealed the Truckenmiller case to this court, where it was fully argued and affirmed, the opinion being rendered on August 6, 1940. On December 27, 1939, while the Truckenmiller case was pending in this court, the plaintiffs commenced the case at bar against George B. Brunson as sole defendant, alleging that he as Treasurer on November 1, 1933, misapplied $3,000 of the drainage funds to the damage of the plaintiffs, and the plaintiffs alleged that this action was brought within six months after the ruling of the lower court dismissing the plaintiffs' cause of action against the defendant on the grounds that there was a misjoinder of parties and of causes of action. Defendant George B. Brunson filed a motion to make this petition more specific, which was sustained, and thereafter on January 24, 1940, the plaintiffs filed an amendment wherein by refer-

ence they made the pleadings and proceedings in the Truckenmiller case a part of the petition. The defendant County Treasurer then demurred to the petition as amended, claiming the action had been barred by the statute of limitations and that section 11017 did not apply. The demurrer also set up the statute of limitations, setting forth that the present cause of action was not a continuation of the former cause of action known as the Truckenmiller case and was of necessity a new cause of action. During the pendency of the appeal in the Truckenmiller case nothing further was done with the case at bar, which was pending in the district court of Osceola County, Iowa, against the defendant, Brunson. On August 13, 1940, which was after the decision of the supreme court in the Truckenmiller case, the lower court sustained the defendant's demurrer. On December 12, 1940, the plaintiffs again amended their petition. The amendment consisted only of attaching copies of the pleadings and records in the Truckenmiller case as exhibits and did not set up any new or different allegations. Defendant moved to strike the last amendment for the reason it was pure repetition and not such a repleading as is contemplated by section 11148 of the Code and subject to the court's ruling on the motion, also demurred to the petition on the ground that the action was not commenced within the time required by law, that section 11017 was not applicable, and the statute of limitations had not been tolled and that the action, being a law action for damages, was barred under subdivisions 3 and 4 of section 11007.

On the 3d day of March 1941, the court filed its ruling sustaining defendant's motion to strike, which included defendant's demurrer, and entered judgment accordingly. From this order, ruling, and judgment the plaintiffs have appealed to this court.

Many questions are argued. We find it necessary to discuss but one. The cause of action in the case at bar was commenced after the three-year period of limitation and it is the contention of the appellants that the statute of limitations has been tolled under the provisions of section 11017 of the 1939 Code. We quote that section:

"11017 Failure of action. If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

This court said in the case of Phoenix Ins. Co. v. Fuller, 216 Iowa 1201, 250 N. W. 499, that section 11017 does not enlarge the statute of limitations.

In order to come within the provisions of section 11017, there are certain requisites:

1. The failure of a former action not caused by the plaintiffs' negligence.

2. The commencement of a new action brought within six months thereafter.

3. The parties must be the same.

4. The cause of action must be the same.

In the Truckenmiller case, 228 Iowa 819, 828, 293 N. W. 568, 573, speaking through Justice Oliver, this court said:

"The County Treasurer was made a party to the suit upon the charge that he had wrongfully paid $3,355 to cover principal and interest of bonds maturing in 1933 thereby withdrawing this amount from the funds available for the payment of bonds maturing in 1932, and entitled to priority. Appellants prayed an order requiring him to restore the funds of the district or for judgment against him upon his failure so to do. The defendants attacked the petition by motion to dismiss on the ground of misjoinder of parties and causes of action. The motion having been overruled the same objection was raised by the answer of the treasurer. In the finding order and decree the trial court found, among other things, that there was a misjoinder of parties and causes of action, sustained the motion to dismiss and dismissed the cause.

"The action was in mandamus. As against the officers of the district, it sought an order requiring them to levy drainage taxes. The Treasurer was not an officer of the dis-

trict. Western Boh., Frat. Assn. v. Barrett, 223 Iowa 932, 935, 274 N. W. 55. Nor was he a proper party to said cause of action. The suit against the Treasurer was for his alleged wrongful payment of bond funds to third parties. Mandamus to require him to make restoration was not proper and appellants in argument say such relief was not sought. No other defendant was involved in this cause of action or was a proper party to it. The causes of action were separate and distinct and were against different defendants. Therefore, the dismissal of the action against the Treasurer was proper. McPherson v. Commercial Bldg. & Sec. Co., 206 Iowa 562, 218 N. W. 306.''

In the case of Murphy v. Board of Supervisors, reported in 205 Iowa 256, 260, 215 N. W. 744, 746, this court was confronted with almost the same question involved in this case. We quote the following from that opinion:

''An 'equity cause' cannot be united with a 'lawsuit.' Section 10960, Code of 1924. Being, therefore, diametrically opposed, so that joinder is prohibited, they are not the same. If the first 'cause' was in 'law,' and the second in 'equity,' naturally the result must be two 'causes,' rather than one, and the present could not be a continuation of the past.

''Extending the same logic further, and considering the other side of this part of the controversy, a 'cause of action' originally was or was not stated. We have considered the event that it was set forth. On the other hand, let us presume otherwise. No 'cause of action' being stated in the first venture, nothing could survive. To continue, that nullity could not result in an existence. Logically, then, the 'statute of limitations' commenced to run against the equity cause from its inception, and was never tolled, the lack of a 'cause of action' in law not being sufficient to do so.''

Thus we find that this court in the Truckenmiller case said that the causes of action against Brunson and the other defendants were separate and distinct causes of action. That the parties in the two causes of action are different; that the

remedies sought are different. That the Truckenmiller case is a mandamus action; that the action against Brunson is at law.

There is another good reason why section 11017 does not apply to the case at bar. That section contemplates not only the failure of an action but the bringing of a new action within six months thereafter. The legislature wrote into that section the provision that the new action must be brought within "six months thereafter." This can mean only one thing, that it must be brought within six months after the dismissal of the original cause of action. When did the appellants commence this cause of action and when did the appellants in the Truckenmiller case fail? The appellants contend that the present action was brought within six months thereafter and is a continuation thereof. The present action was commenced in December of 1939. At that time the Truckenmiller case was pending on appeal in the Supreme Court of Iowa. The appellants were still urging in their appeal that they were rightfully suing Brunson. That he was a necessary party. That there was no misjoinder of causes or parties and there was no suggestion or attempt in the Truckenmiller case by the appellants to dismiss or release Brunson. It must be kept in mind that the appeal was pending on its merits. That it was a trial de novo in this court. The Truckenmiller case was not decided until August 1940. Certainly appellants' first action had not failed until the appellants had either voluntarily abandoned the same or the supreme court had finally determined same. There was no abandonment by the appellants and the case was not decided by this court until August 1940. Section 11017 provides for the bringing of an action within six months after the first action has failed. The present action, having been brought before the first action was finally determined, is premature and does not come within the language, spirit or purpose of Code section 11017. In Missouri they have a toll statute of one year similar to our own, and in the case of Adams v. St. Louis-San Francisco Ry. Co., reported in 326 Mo. 1006, 1011, 33 S. W. 2d 944, 946, 83 A. L. R. 474, 477, the court said:

"One who has taken an appeal from a judgment of involuntary nonsuit does not, until such appeal has been determined, suffer a nonsuit within the meaning of a statute per-

mitting the institution of a second action within one year after a nonsuit has been suffered, * * *.

"The test of whether or not a nonsuit has been 'suffered' is whether or not the order or judgment of nonsuit has finally terminated the suit. When a judgment of nonsuit has been appealed from, the nonsuit does not become final, in the sense that it ends the lawsuit, until the appeal, taken with or without appeal bond, has been disposed of consistently with such judgment."

The Truckenmiller case was commenced in 1935 and terminated in the supreme court in August 1940. The appellants during all that period of time insisted on keeping Brunson in the Truckenmiller case. At no time did they dismiss the action as against Brunson, nor did they accept the trial court's decision as final. The Truckenmiller case was finally terminated in August 1940. The appellants' did not commence the second action within six months thereafter as section 11017 expressly required. It necessarily follows that the lower court was right and that this case must be, and is, affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.