**Harriet BEILKE and Ralph Beilke, Appellants,**

**v.**

**Larry D. DROZ, John E. Gegner and Beverly Gegner, Appellees.**

No. 80–1538.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1981.

Decided April 13, 1982.

---

Richard G. Santi, Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, Iowa, for appellees.

Preloznik, Mathis & Rhode, S. C., Madison, Wis., for appellants.

Before HEANEY and McMILLIAN, Circuit Judges, and STEPHENSON,* Senior Circuit Judge.

---

* The Honorable Roy L. Stephenson was circuit judge at the time this case was submitted. He assumed senior status on April 1, 1982.

PER CURIAM.

Plaintiffs-appellants appeal from the district court's[1] holding by summary judgment that Iowa's two-year statute of limitations applied to plaintiffs' tort action and that Iowa's "Failure of Action" statute, Iowa Code § 614.10, was not applicable. It appeared that the Iowa Supreme Court had not passed on the issue involved. We, therefore, certified the question of law presented to the Iowa Supreme Court. Having received their answer, we reverse and remand for further proceedings.

This is a consolidated personal injury and wrongful death action arising out of an accident which took place in Iowa on September 13, 1976. In that accident appellee Larry Droz was driving a car owned by appellees John and Beverly Gegner. The appellant Ralph Beilke was injured in the accident and Douglas Teller, son of appellant Harriet Beilke, was killed.

On July 28, 1977, roughly ten months after the accident, the Beilkes filed suit in the United States District Court for the Eastern District of Wisconsin against Iowa Mutual Insurance Company, the company which insured Mr. Gegner's car. The policy in question contained a clause prohibiting direct actions against the insurer. The policy was issued to Mr. Gegner in Iowa and delivered in Colorado. The court found that Wisconsin's direct action statute, Wis. Stat.Ann. § 803.04(2) (1975), did not apply because the statute provides that if a policy is issued outside Wisconsin, the insurer may be directly sued only if the accident occurred in Wisconsin. The court dismissed the suit in June 1978.

On November 14, 1978, Ralph Beilke and Harriet Beilke (Teller's representative) filed separate suits against the Gegners and Larry Droz in the Eastern District of Wisconsin. These actions were consolidated and, upon defendants' motion, were transferred to the Southern District of Iowa pursuant to 28 U.S.C. § 1404.

Upon defendants' motion for summary judgment, the Iowa federal district court ruled that Iowa law applied and the applicable statute of limitations was two years. The court held that the suits against the Gegners and Droz were time barred because they were not filed until more than two years after the accident. The court rejected the Beilkes' contention that Iowa's "Failure of Action" statute, Iowa Code § 614.10, should apply to save their suit. The statute provides: "If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

In order for a plaintiff's cause of action to come within section 614.10, there are four requirements:

1. The failure of a former action not caused by plaintiffs' negligence.

2. The commencement of a new action brought within six months thereafter.

3. The parties must be the same.

4. The cause of action must be the same.

*Hartz v. Brunson*, 231 Iowa 872, 2 N.W.2d 280, 283 (1942).

The third requirement of *Hartz*, that the parties must be the same, is the central area of dispute in this case.[2] The Iowa Supreme Court had not ruled upon the question of whether an insurance company and an insured are "the same" parties for purposes of section 614.10. Further, it appeared that the Iowa Supreme Court has not had a case in which it has ruled upon

---

1. The Honorable William C. Stuart, Chief Judge for the United States District Court for the Southern District of Iowa.

2. The district court, in granting summary judgment for the defendants, stated: "In the Court's opinion, the insured and the insurer are not identical parties and section 614.10 is not applicable to the situation before the Court."

whether parties are "the same" for purposes of section 614.10 since the *Hartz* case in 1942. Thus, there was no recent Iowa case law which could serve for purposes of analogy.

We therefore certified the following question of law [3] to the Iowa Supreme Court:

Whether the parties in this suit are "the same" for purposes of Iowa Code Ann. § 614.10.

In an opinion filed recently, the Iowa Supreme Court answered affirmatively. *See Beilke v. Droz*, 316 N.W.2d 912 (Iowa 1982).

Under the circumstances, we reverse and remand for further proceedings consistent with the answer certified by the Supreme Court of Iowa.[4]

Reversed and remanded for further proceedings.

---

3. As authorized by Chapter 684A of the Iowa Code.

4. Appellees, in their brief on appeal, also argue that plaintiffs' unfounded reliance on Wisconsin's direct action statute in suing defendants' insurer amounts to "negligence in its prosecution" and thus, under the explicit terms of Iowa Code § 614.10, plaintiffs may not rely on this savings statute in the instant action. Appellants deny they were negligent in prosecuting the initial action. The district court made no specific ruling on this issue. Under the circumstances, we decline to consider the matter in this appeal.