June 12, 2020

**Supreme Court**

No. 2018-288-Appeal.
(PC 17-3533)
(dissent begins on page 9)

Timothy Frazier            :

v.                 :

Liberty Mutual Insurance Company, alias,   :
ABC Insurance Company.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2018-288-Appeal.
(PC 17-3533)
(dissent begins on page 9)

Timothy Frazier                         :

v.                         :

Liberty Mutual Insurance Company, alias,     :
        ABC Insurance Company.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.**  The plaintiff, Timothy Frazier, appeals from a Superior Court grant of summary judgment in favor of the defendant, Liberty Mutual Insurance Company. Frazier contends that the trial justice erred in holding that the statute of limitations barred his claim for personal injuries that arose from a fall on the property of Liberty Mutual's insured.  This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided.  After hearing the arguments of counsel and after thoroughly reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

**I**

**Facts and Travel**

Frazier alleges that on November 11, 2013, he slipped and fell in the restroom of a Pizza Hut restaurant that was owned and operated by Mita Enterprises, LLC.  On November 2, 2016, Frazier filed a complaint (the first complaint) in the Superior Court against Mita, seeking

compensation for his injuries. Frazier then moved for entry of a default against Mita, claiming that Mita had been served with process properly but that it had failed to respond to the complaint. That motion was granted, and default was entered. At a later date, Mita moved to vacate the entry of default pursuant to Rule 55(c) of the Superior Court Rules of Civil Procedure and to dismiss the case for insufficient service of process under Rule 12(b)(5). Mita argued that Frazier had incorrectly served process under the rules governing out of state corporations. On August 4, 2017, the first trial justice granted Mita's motions to vacate the default and to dismiss for insufficient process.[1] Significantly, Mita was represented in the first complaint by attorneys engaged by Liberty Mutual.

On July 31, 2017, Frazier filed a new complaint (the second complaint) against Mita. This time, service of process against Mita was returned *non est inventus*. Frazier then moved to substitute Liberty Mutual as a defendant, pursuant to Rule 21. Liberty Mutual objected, arguing in part that the statute of limitations barred Frazier's claim against it. However, before any action was taken on Liberty Mutual's statute of limitations defense, Frazier renewed his motion to substitute and sought to amend his complaint pursuant to G.L. 1956 § 27-7-2.[2] The parties agreed that Frazier's motion to amend his complaint to substitute Liberty Mutual for Mita would be granted, but that Liberty Mutual would reserve its rights to assert any and all defenses. On April 9, 2018, Frazier, pursuant to § 27-7-2, amended his complaint naming Liberty Mutual as defendant.

Liberty Mutual promptly moved to dismiss the amended complaint, arguing that the statute of limitations barred Frazier's action against it. The second trial justice agreed, holding that the

---

[1] Because these matters were heard by two separate trial justices in the Superior Court, we refer to each as the "first trial justice" and the "second trial justice," respectively.
[2] "If the officer serving any process against the insured shall return that process 'non est inventus' * * * the injured party * * * may proceed directly against the insurer." G.L. 1956 § 27-7-2.

- 2 -

three-year statute of limitations barred Frazier's direct action against Liberty Mutual. Thus, she granted summary judgment in favor of Liberty Mutual.[3]

Frazier timely appealed.

## II

## Standard of Review

"When we review a hearing justice's grant of a motion for summary judgment, we conduct our analysis *de novo*." *Hexagon Holdings, Inc. v. Carlisle Syntec Incorporated*, 199 A.3d 1034, 1038 (R.I. 2019). "If we determine that 'there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law,' then we will affirm the grant of the motion." *Id.* (brackets omitted) (quoting *Sisto v. America Condominium Association, Inc.*, 68 A.3d 603, 611 (R.I. 2013)). "In this endeavor, 'we view the evidence in the light most favorable to the nonmoving party.'" *Id.* (brackets omitted) (quoting *Narragansett Indian Tribe v. State*, 81 A.3d 1106, 1109 (R.I. 2014)).

"It is well settled that 'the question of whether a statute of limitations has run against a plaintiff's claim is a question of law,' which this Court reviews *de novo*." *Goddard v. APG Security-RI, LLC*, 134 A.3d 173, 175 (R.I. 2016) (brackets and deletions omitted) (quoting *Ho-Rath v. Rhode Island Hospital*, 115 A.3d 938, 942-43 (R.I. 2015)). "This Court also reviews questions of statutory construction and interpretation *de novo*." *Id.* (brackets omitted) (quoting *Ho-Rath*, 115 A.3d at 943).

---

[3] The second trial justice converted Liberty Mutual's motion to dismiss into a motion for summary judgment because Frazier, in his objection to Liberty Mutual's motion to dismiss, had raised matters outside the complaint.

**Discussion**

On appeal, Frazier argues that the second trial justice erred when she ruled that the claim set forth in the amended complaint against Liberty Mutual was barred by the three-year statute of limitations set forth in G.L. 1956 § 9-1-14(b).  More specifically, Frazier argues that the second trial justice erred when she held that § 9-1-22 (the savings statute) did not preserve Frazier's claim against Liberty Mutual for an additional year because Liberty Mutual was a stranger to the first action that Frazier had filed against Mita.[4]

It is clear to us that Frazier's claim against Liberty Mutual, deprived of the benefit of the savings statute, would be barred by the statute of limitations.  That is so because, generally, for a personal injury action, the injured party has three years from the date of the injury to file suit. *See Rivers v. American Commerce Insurance Company*, 836 A.2d 200, 204 (R.I. 2003) ("It is generally recognized that 'a cause of action accrues and the applicable statute of limitations begins to run at the time of the injury to the aggrieved party.'" (quoting *Martin v. Howard*, 784 A.2d 291, 299 (R.I. 2001))); *see also* § 9-1-14(b) ("Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after[.]").  Frazier alleged that he was injured on November 11, 2013, and, thus, he had until November 11, 2016, three years later, to file suit against Mita.  Additionally, because service of process against Mita was returned *non est inventus*, under § 9-1-14(c) Frazier had until March 11, 2017, an additional 120 days, to file suit directly against Liberty Mutual pursuant to § 27-7-2.[5]  Here, Frazier timely initiated an

---

[4] Frazier also argues that the 2009 amendments to G.L. 1956 § 9-1-14 and § 27-7-2 supersede this Court's prior interpretations of those statutes.  However, we need not address that argument because we are vacating the judgment of the Superior Court for other reasons.

[5] Section 9-1-14(c), which extends the statute of limitations, says in relevant part:

action against Mita on November 2, 2016.  However, no action was filed against Liberty Mutual until April 9, 2018.

However, in arguing that his opportunity to sue Liberty Mutual pursuant to § 27-7-2 remains viable, Frazier relies on the savings statute, which says:

> "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the *same claim* within one year after the termination." Section 9-1-22 (emphasis added).[6]

Thus, Frazier's action would be timely if the savings statute applies to his claim against Liberty Mutual by extending the time to file suit an additional year from the date of the dismissal of the first action on August 4, 2017.

Not so fast, says Liberty Mutual.  The insurance carrier argues, as it did in the Superior Court, that this Court's holding in *Luft v. Factory Mut. Liability Ins. Co. of America*, 51 R.I. 452, 155 A. 526 (1931), remains a barrier to the application of the savings statute in this case.  In *Luft*, we said:

> "There is no merit in the plaintiffs' further contention that they may prosecute their suits under provision of section 9, chapter 334, G. L. 1923, which permits the bringing of a new suit within one year if the original action was for any cause abated.  That statute is not

> "As to an action for personal injuries wherein an injured party is entitled to proceed against an insurer pursuant to § 27-7-2, where an action is otherwise properly filed against an insured within the time limitations provided for by this section, and process against the insured tortfeasor has been returned 'non est inventus' and filed with the court, then the statutory limitation for filing an action under § 27-7-2 directly against an insurer shall be extended an additional one hundred twenty (120) days after the expiration of the time limitation provided for in subsection (b) herein."

[6] At oral argument, counsel for Liberty Mutual conceded that the suit against Liberty Mutual was for the same claim as the earlier suit brought solely against Mita.

applicable in the case of a defendant which was *a stranger to the original action*. *Luft*, 51 R.I. at 455, 155 A. at 527 (emphasis added) (citing *Mockel v. Pawtucket Gas Co. of New Jersey*, 48 R.I. 485, 139 A. 308 (1927)).

Essentially, our holding in *Luft* was that the savings statute could not be employed to extend the statute of limitations for actions against a party who "was a stranger to the original action." *Id.* Additionally, in *Luft*, this Court held that the defendant insurance company was a stranger to an original action brought against its insured. *Id.* Therefore, Liberty Mutual argues that, if we were simply to apply the holding of *Luft* to the case before us, the savings statute would not benefit Frazier's claim against Liberty Mutual.

Although we agree with the central holding of *Luft* that the savings statute cannot be used to extend the statute of limitations for an action against a party that was a stranger to the original action, modern society and evolving jurisprudence present a different view of whether an insurer that makes an appearance on behalf of its insured, even specially to contest jurisdiction over the insured, is a stranger to an original action against its insured. It is our opinion that, because an insurance company and its insured are sufficiently linked, an insurance company is not, under these circumstances, a stranger to the original action against its insured. We observe that the holding in *Luft* is 89 years old, that there is a paucity of facts set forth in that opinion, and that the language that Liberty Mutual clings to is but one unconnected sentence in the opinion.[7] Therefore, we are constrained to overrule *Luft* to the extent that *Luft* is inconsistent with this opinion.

In reaching this conclusion, we note that the savings statute is remedial in nature and therefore should be liberally applied. *See McLaughlin v. Dunlop*, 70 R.I. 155, 162, 38 A.2d 157, 158 (1944). As such, we must be mindful not to unduly restrict the applicability of the savings

---

[7] It is worth noting that the language of the savings statute, § 9-1-22, does not specify who the parties are, but rather refers to "a new action upon the *same claim*[.]" (Emphasis added.)

statute, especially in light of new circumstances that have arisen since we decided *Luft*. In today's world, insurance companies open files on reported claims and begin an investigation promptly. In this case, it cannot be disputed that Liberty Mutual was aware of the lawsuit, because it dispatched lawyers to ask the court to dismiss the first action on grounds of inadequate service of process upon its insured, Mita.

Our view finds support from the Supreme Court of Iowa in *Beilke v. Droz*, 316 N.W.2d 912 (Iowa 1982). In *Beilke*, the court was presented with a certified question from the United States Court of Appeals for the Eighth Circuit that asked "[w]hether the parties in this suit are 'the same' for purposes of the Iowa Code Ann. § 614.10." *Beilke*, 316 N.W.2d at 912, 913. The lawsuit was a wrongful death action in which the decedent's estate initially filed suit against the alleged tortfeasors' insurance company.[8] *Id.* at 912. When the case was dismissed, the plaintiffs then filed suit against the alleged tortfeasors. *Id.* at 912-13. Because the plaintiff's claim was by that time barred by the Iowa statute of limitations, the plaintiff argued that the Iowa savings statute preserved its claim against the alleged tortfeasors.[9] *Id.* at 913. In determining whether the Iowa savings statute applied to two different parties, the court said:

> "Courts hold generally * * * that the requirement of identity of parties is met if the change in parties is merely nominal or if the

---

[8] Although we are uncertain as to why the plaintiffs in *Beilke v. Droz*, 316 N.W.2d 912 (Iowa 1982), filed suit against the insurance company first, we presume that such an action may have been permissible in Wisconsin, where the initial litigation was filed, but not in Iowa, because this action was originally filed and then dismissed in a federal district court in Wisconsin. *See Beilke*, 316 N.W.2d at 912.

[9] The Iowa savings statute at issue in *Beilke* provides:

> "If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."
> Iowa Code Ann. § 614.10 (West 2020).

interest represented in the second action is identical with that in the
first one." *Id.* at 914.

The court held that "when the third party * * * obtain[s] judgment against the insured, the insurer must pay it to the extent of the policy limits" and, at least to the extent of the policy limits, the insured and its insurer share an identical interest. *Id.*

We are persuaded by the reasoning of the Supreme Court of Iowa. We have said that the statute authorizing direct action against an insurance company "places the injured person in precisely the same position with relation to the insurer that the insured would have held had he paid the judgment and thereafter sought indemnity under the policy." *Hunt v. Century Indemnity Co.*, 58 R.I. 336, 343, 192 A. 799, 803 (1937). Thus, an insurance company and its insured share a sufficient commonality of interest, in the context of this case, for us to consider them sufficiently linked under the savings statute.

We therefore agree with Frazier that the second trial justice erred in holding that the savings statute did not apply to Frazier's claim against Liberty Mutual. Thus, it is our opinion that summary judgment should not have been granted in favor of Liberty Mutual.

**IV**

**Conclusion**

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court. The record shall be remanded to the Superior Court.

**Justice Indeglia, dissenting.** While I agree with the majority's characterization of this Court's holding in *Luft v. Factory Mut. Liability Ins. Co. of America*, 51 R.I. 452, 155 A. 526 (1931), I disagree with the contention that we should depart from longstanding precedent and disregard the principles of *stare decisis*. *See State v. Beauregard*, 198 A.3d 1, 12 (R.I. 2018) ("The doctrine of 'stare decisis is important because respect for precedent promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'") (brackets omitted) (quoting *State v. Knapp*, 700 N.W.2d 899, 924 (Wis. 2005) (Wilcox, J., dissenting)). Therefore, I respectfully dissent.

This Court has noted that "courts should adopt the reasoning of earlier judicial decisions if the same points arise again in litigation." *Woonsocket School Committee v. Chafee*, 89 A.3d 778, 792 (R.I. 2014) (quoting *State v. Werner*, 865 A.2d 1049, 1056 (R.I. 2005)). Additionally, "[w]e have previously stated that 'this Court always makes a concerted effort to adhere to existing legal precedent.'" *Id.* (quoting *Pastore v. Samson*, 900 A.2d 1067, 1077 (R.I. 2006)).

Indeed, in *Luft*, we held that the savings statute could not be employed to extend the statute of limitations for actions against a party who "was a *stranger* to the original action." *Luft*, 51 R.I. at 456, 155 A. at 527 (emphasis added) (citing *Mockel v. Pawtucket Gas Co. of New Jersey*, 48 R.I. 485, 139 A. 308 (1927)). Although this Court did not expand on the meaning of the term "stranger" in *Luft*, *Mockel* is illustrative. In *Mockel*, the plaintiff filed suit against two defendant corporations for negligence, "the Pawtucket Gas Company, of New Jersey, a New Jersey corporation, * * * and Blackstone Valley Gas & Electric Company, a Rhode Island corporation," alleging that he had been struck by one of their trucks. *Mockel*, 48 R.I. at 486, 139 A. at 309.

At trial, the sole witness testified that he was the treasurer for the Pawtucket Gas Company of New Jersey, and that he was also the treasurer for a Rhode Island corporation named "the Pawtucket Gas Company." *Mockel*, 48 R.I. at 487, 139 A. at 309. The witness testified that the New Jersey corporation "was a holding company" for the Rhode Island corporation, that the New Jersey corporation did not do business in Rhode Island, and that it was "the Rhode Island corporation [that] owned and operated trucks" in Rhode Island. *Id.* After the conclusion of the evidence, the plaintiff moved to have the Rhode Island corporation added as a defendant. *Id.* This Court held that, despite the possibility that the Rhode Island corporation had notice of the suit, "the Rhode Island corporation would be a *new party* in th[e] suit," and could not "now be joined by addition to the original suit after the statutory period for bringing suit ha[d] elapsed." *Id.* at 488, 490, 139 A. at 310 (emphasis added).

Turning to the plain language of the term, "stranger" is defined as "[s]omeone who is not party to a given transaction; esp[ecially] someone other than a party or the party's employee, agent, tenant, or immediate family member." Black's Law Dictionary 1718 (11th ed. 2019). According to The American Heritage Dictionary, the term "stranger," at law, is "[o]ne that is neither privy nor party to a title, act, or contract." The American Heritage Dictionary of the English Language 1723 (5th ed. 2011). Based on our prior caselaw and the plain language of the term "stranger," I have little doubt that this Court, in *Luft*, used that term to refer to a named *party*.

Despite the majority's insistence that *Luft* is "89 years old" and that "the language that Liberty Mutual clings to is but one unconnected sentence in the opinion[,]" such observations do not support departing from this Court's prior precedent. This is especially true because this Court reaffirmed *Luft*, albeit on other grounds, in 2003 and again in 2006. *See DeSantis v. Prelle*, 891 A.2d 873, 878 (R.I. 2006) ("This Court's reasoning in *Luft* merits republication[.]"); *Rivers v.*

*American Commerce Insurance Company*, 836 A.2d 200, 204 (R.I. 2003) ("The reasoning in the case invoked by defendant, *Luft*, remains sound and we see no reason to depart from it."). Therefore, in my opinion, this Court should make its "concerted effort to adhere to existing legal precedent[,]" and apply the meaning of the term "stranger" as previously set out in our jurisprudence. *Chafee*, 89 A.3d at 792 (quoting *Pastore*, 900 A.2d at 1077).

While the majority finds support for its view in *Beilke v. Droz*, 316 N.W.2d 912 (Iowa 1982), a plethora of other states have held contrarily to such a conclusion and in harmony with *Luft*. *See, e.g.*, *Corliss v. City of Fall River*, 397 F. Supp. 2d 260, 267 (D. Mass. 2005) (applying Massachusetts law and holding that the renewal statute "cannot save any renewed claims against * * * unnamed and consequently unserved defendants"); *Costello v. Bothers*, 629 S.E.2d 599, 602 (Ga. Ct. App. 2006) ("The renewal statute may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued.").

Although the majority notes that the savings statute is remedial in nature and should be applied liberally, we must remember that plaintiffs are already given the statutory benefit of an extra 120 days after the expiration of the three-year statute of limitations to file suit directly against an insurer after process against the insured tortfeasor has been returned *non est inventus*. *See* G.L. 1956 § 9-1-14(c). Extending the savings statute to include insurance companies that were not a named party to the original action now provides the plaintiff with an additional one year, plus 120 days, tacked onto the statute of limitations. *See* §§ 9-1-14(c) and 9-1-22. I worry that such a decision will ultimately have a negative financial impact for consumers because of the increase in potential liability that insurance companies may face. Such a cost will surely increase the risk to insurance companies and will be factored into insurance rates, thus passing the cost of the increased risk along to consumers in the form of increasing insurance rates.

It is my firm belief that, in the present case, as in *Luft*, Liberty Mutual was a stranger to the original action because they were not a party to such action. Frazier alleged that an injury occurred on November 11, 2013, and filed a first complaint in an action against Mita on November 2, 2016, followed by a second complaint against Mita in a second civil action on July 31, 2017. Notably, Liberty Mutual was not named as a party in either of those two complaints. The plaintiffs were allowed the benefit of an additional 120 days to file suit against Liberty Mutual after process against Mita was returned *non est inventus*, however, they chose to sit on their hands and did not file suit against Liberty Mutual until April 9, 2018, well after the statute of limitations had expired. Accordingly, I would conclude, as this Court did in *Luft*, that the savings statute cannot be used to extend the statute of limitations against "a defendant which was a stranger to the original action" and that Frazier cannot take advantage of the savings statute because Liberty Mutual was not a party to the original action. *See Luft*, 51 R.I. at 456, 155 A. at 527.

Accordingly, for the foregoing reasons, I must respectfully dissent.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Timothy Frazier v. Liberty Mutual Insurance Company, alias, ABC Insurance Company. |
| **Case Number** | No. 2018-288-Appeal. (PC 17-3533) |
| **Date Opinion Filed** | June 12, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Lauren E. Jones, Esq.<br>Leonard M. Cordeiro, Esq.<br>Robert S. Thurston, Esq. |
| | For Defendant:<br><br>Joseph-Anthony DiMaio, Esq. |