First Nat. Bank of Garretsville v. Greene, Adm'r, etc.

1. **Corporation**: ACTION BY CREDITOR AGAINST STOCK-HOLDER ON AC-COUNT OF BALANCE DUE ON STOCK: STATUTE OF LIMITATIONS. The action of a corporation against a stock-holder, to recover the balance due on stock, where the debt is not evidenced by any writing, is barred by the statute of limitations in five years after the right of action accrues; and this limit cannot be extended in favor of a creditor of the corporation who seeks to subject such unpaid balance to the satisfaction of his claim.

2. **Statute of Limitations**: LIMIT NOT EXTENDED BY LACHES OF CRED-ITOR. A party holding a claim or right of action may not be allowed to prolong the operation of the statute of limitations by refusing to take the steps which the law requires in order to authorize the maintenance of an action,—following cases cited in opinion.

3. **Corporation**: ACTION BY CREDITOR AGAINST STOCK-HOLDER ON AC-COUNT OF BALANCE DUE ON STOCK: WHEN RIGHT OF ACTION ACCRUES. The right of action which §§ 1082, 1083, 1084 of the Code give to the creditor of a corporation against a stock-holder, to the extent of the unpaid balance due upon stock, accrues whenever it is clear that the corporation has no property from which the claim may be collected, and not from the time judgment is recovered against the corporation. Such judgment is not necessary for the *beginning* of an action against the stock-holder, though it may be necessary as *evidence* in such action to determine the measure of recovery.

REED and ADAMS, J. J., *dissenting*.

*Appeal from Linn Circuit Court.*

THURSDAY, OCTOBER 9.

IT appears from the averments of the petition that on the fourth day of June, 1878, the plaintiff recovered a judgment in the circuit court of Linn county, against the Burlington,

Cedar Rapids and Minnesota Railroad Company, for some sixty-five thousand dollars, and that on the twentieth day of June, 1880, an execution was issued on said judgment and placed in the hands of the sheriff, who, being unable to find any property of said railway company, made a demand upon the vice-president, and upon the general superintendent of the company, that property be shown whereon to levy said execution, and said vice-president and general superintendent failed and neglected to point out any such property; that said railway company, at the time said judgment was rendered, and prior thereto, was, and still is, a corporation, organized and existing under the laws of Iowa, and George Greene, at the time said demand was made by the sheriff for property on which to levy said execution, and prior and subsequent thereto, was the owner of nine hundred and ten shares, of one hundred dollars each, of the capital stock of said company; that said Greene continued to be the owner of said stock until his death, and the same is still the property of his estate; that there was paid by said decedent to said corporation but twenty per cent of the par value of said stock, and that there yet remains due a balance of eighty per cent, amounting to about seventy-two thousand dollars. This action was commenced against William Greene, the administrator of the estate of George Greene, to recover the amount due on the judgment previously rendered against the railroad company.

The answer, among other defenses, set up the following:

"Defendant admits that plaintiff obtained judgment against the B., C. R. & M. R'y Co., as stated in said petition; admits that execution was issued on said judgment, and returned, as stated in said petition; but says that plaintiff's judgment is founded on certain bonds issued by the said B., C. R. & M. R'y Co., and that said company became totally insolvent and ceased to do business in May, 1875, and has done no business, and has not exercised or used its franchise, since that date, and had not then, or since, any corporate property which

could be reached or levied on for the payment of its debts; that the bonds upon which plaintiff's said judgment is founded became due and payable July 1, 1875; that the plaintiff brought its suit on said bonds against the B., C. R. & M. R'y Co. on the—— day of ————, 1878, and recovered judgment, as set forth in plaintiff's petition in the circuit court of Linn county, Iowa, on the fourth day of June, 1878; that on said judgment the plaintiff caused execution to issue on the twenty-second day of July, 1880, and caused the same to be served August 10, 1880, by demand to be shown property upon which to levy upon Wm. Greene, general superintendent, and S. P. Wisner, vice-president, of said B., C. R. & M. R'y Co., the last elected officers thereof, who failed to point out any property, whereupon said execution was returned unsatisfied; that this action was not commenced against this defendant until April 11, 1881.

"Wherefore this defendant says that, by reason of the facts set forth herein, the plaintiff's alleged cause of action is fully barred by the statute of limitations in that behalf."

A demurrer was interposed to this defense, and was overruled. The plaintiff thereupon declined to plead further, and elected to stand upon the demurrer, and judgment was rendered thereon for the defendants. Plaintiff appeals.

*P. Henry Smyth & Son*, for appellant.

*Hubbard, Clark & Dawley*, for appellee.

ROTHROCK, CH. J.—It is not claimed that the liability of the estate of Greene is based upon a written contract. It is

1. CORPORA-TION: action by creditor against stockholder on account of balance due on stock: statute of limitations.

claimed that Greene was, and his estate is, the owner of nine hundred and ten shares of the stock of the railway company, and that twenty per cent only of the par value thereof has been paid. The bar of the statute, therefore, applies in five years after the cause of action accrued, and the question to be determined is, when did the right of action accrue.

It appears from the averments of the answer that the bonds upon which plaintiff's judgment is founded became due and payable July 1, 1875. The right of action against the company was then complete. The defendant's obligation upon the unpaid balance of the shares of stock then existed, and any action of the railroad company to recover such unpaid balance would have been barred by the statute in five years. The question to be determined, then, is, whether the general statute of limitations, applicable to the case as between the parties to the contract, is in any manner changed by the statute which provides that the stock-holder shall be liable to the creditors of the corporation for unpaid installments on the stock owned by them.

Appellant contends that under the statute no right of action accrued to the plaintiff against the defendant until after a judgment was obtained against the company, and 2. STATUTE OF limitations: limit not extended by laches of creditor. execution was issued, and property demanded upon which to levy. Appellee insists that a right of action accrued against the defendant, without judgment against the corporation. And the defendant further claims that, if a judgment against the company was necessary before suit could be brought against the defendant, the judgment should have been obtained and the suit commenced against the defendant within five years.

Without determining whether or not the creditor of a corporation can in any case maintain an action against a stockholder without first obtaining judgment against the corporation, we think that there is nothing in the law making a stockholder liable to a creditor in such cases which in any manner enlarges the operation of the statute of limitations, or affects any right which the stockholder has thereunder. If the theory of the plaintiff be correct, it would be within the power of a creditor of a corporation to extend the statutory bar for a period which surely never was contemplated by the law-making power. In the case at bar, the action upon the bonds might have been brought at any time within ten years

after they became due. The issuance of execution, and demand for property to satisfy the same, could have been delayed for another period of ten, or possibly twenty, years, and an action brought against a stockholder five years thereafter. It is not the policy of the law to put it in the power of a party to thus extend statutory limitations. Counsel on both sides have presented numerous adjudged cases in courts of other states, which, it is claimed, are in point upon the question involved in the appeal. We need not cite or comment upon them, because we think the principle here involved has been determined by this court. In *Baker v. Johnson Co.*, 33 Iowa, 151, it was held that the statute of limitations commenced to run from the time the plaintiff had a claim against the county, and not from the time he presented it to the board of supervisors for allowance. In that case, he had no right to institute suit against the county until he presented the claim to the board, and it was held, nevertheless, that the statute commenced to run before the claim was presented. This case was in principle followed in *Prescott v. Gonser*, 34 Iowa, 175, and in *Beecher v. Clay Co.*, 52 Id., 140; and in *Hintrager v. Hennessy*, 46 Id., 600, it was held that the statute of limitations commenced to run against one claiming under a tax deed from the time he was entitled to a deed, and not from the time when the deed was actually executed and delivered. The ground of all these decisions is, that a party holding a claim or right of action may not be allowed to prolong the operation of the statute by refusing to take the steps which the law requires in order to authorize the maintenance of an action.

In the case at bar, the plaintiff recovered judgment against the corporation on the fourth day of June, 1878. It took no further action until July 22, 1880, when execution was issued and demand made upon the officers of the corporation for property upon which a levy could be made. And this action was not commenced until April 11, 1881. No cause for delay is shown; and there can be no such excuse,

because it was within the power of the plaintiff to cause execution to issue at any time after June 4, 1878, and upon return thereof an action could have been commenced within five years.

AFFIRMED.

ADAMS, J. *dissenting.*

### OPINION UPON REHEARING.

BECK, J.—Upon a rehearing allowed upon plaintiff's petition, this cause has again been argued and submitted. Upon a patient and careful reconsideration of the question involved in the case, we remain well satisfied with the conclusion announced in the former opinion. We will briefly state certain considerations, not presented in that opinion, which, to our minds, conclusively establish the correctness of our decision.

It will be observed that the answer assailed by the demurrer alleges that the railroad company "became totally insolvent and ceased to do business in May, 1875, and has done no business, and has not exercised nor used its franchise, since that date, and had not then or since any corporate property which could be reached or levied on for the payment of its debts." This is a broad allegation, to the effect that an execution could not have reached property owned by the corporation, for it had none, and that no process or judgment of a court would have resulted in the collection of a claim against it. The record shows that this action was commenced April 11, 1881.

3. CORPORA-
TION: action
by creditor
against stock-
holder on ac-
count of bal-
ance due on
stock: when
right of action
accrues.

The Code contains the following provisions:

"Section 1082. Neither anything in this chapter contained, nor any provisions of the articles of incorporation, shall exempt the stockholders from individual liability to the amount of the unpaid installments on the stock owned by them, or transferred by them for the purpose of defrauding creditors; and execution against the company may to that extent be levied upon the private property of any such individual.

"Section 1083. In none of the cases contemplated in this chapter can the private property of the stockholders be levied upon for the payment of corporate debts, while corporate property can be found with which to satisfy the same; but it will be sufficient proof that no property can be found if an execution has issued on a judgment against the corporation, and a demand has been thereon made of some one of the last acting officers of the body for property on which to levy, and he neglects to point out any such property.

"Section 1084. Before any stockholder can be charged with the payment of a judgment rendered for a corporate debt, an action shall be brought against him, in any stage of which he may point out corporate property subject to levy; and, upon his satisfying the court of the existence of such property, by affidavit or otherwise, the cause may be continued, or execution against him stayed, until the property can be levied upon and sold, and the court may subsequently render judgment for any balance which there may be after disposing of the corporate property; but, if a demand of property has been made, as contemplated in the preceding section, the costs of said action shall in any event be paid by the company or the defendant therein, but he shall not be permitted to controvert the validity of the judgment rendered against the corporation, unless it was rendered through fraud and collusion."

What, under these provisions, fixes the liability of a stockholder? (1) The non-payment of stock subscribed by the stockholder; (2) The inability of the creditor to collect his claim from property owned by the corporation, or, more properly, the fact that the corporation has no property from which the claim may be collected. There is no dispute as to the first of these conditions, and, as to the second, there can be no dispute as to the fact; for the answer, which is admitted by the demurrer, alleges that the railroad company has had no property since 1875. Now, it cannot be doubted that, upon the meeting of these two conditions, the creditor has a right to proceed against the stockholder. Why has he such rights?

Because he has a claim originally against the railroad company, which the law declares is enforceable against the stockholder, who is liable therefor. When did plaintiff's cause of action accrue? Clearly, when his claim became the ground of proceedings against the stockholder; that is, a claim against him. At that time the plaintiff could have brought suit to enforce his claim against defendant. But plaintiff insists that a judgment against defendant could not have been recovered until an action was prosecuted against the corporation, and judgment recovered. Let that be admitted for the sake of the argument. It does not follow that the action is not barred.

The judgment against the corporation does not pertain to plaintiff's right of action, but to the evidence required in order to establish it. The right of action arose upon the meeting of the conditions first specified. The measure of recovery is to be determined in an action against the corporation, which is simply a proceeding to provide evidence in the action to be brought by plaintiff. The action and judgment against the corporation are simply matters of preparation for the trial of the action against the stockholder. Delay in such preparation does not affect the right of action, and such preparation, when completed, does not create it. It is like the taking of evidence preparatory to trial. It could not be said that a plaintiff had no cause of action until he had secured and prepared his evidence.

The statute, Code, section 2529, limits actions within the prescribed time after "their causes accrue," not after a time when the plaintiff has prepared his proof, and is thereby able to recover judgment. We adhere to the conclusion announced in the foregoing opinion.

REED, J. dissenting.—The error of the majority, as I think, consists in the assumption that plaintiff's right of action against defendant, as a stockholder of the corporation, accrued when the incorporation became insolvent, and had no property out of which his claim against it could be made.

The liability of the stockholder to the creditor of the corporation is not created by the sections of the statute quoted in the opinion, but is implied from the relations of the parties. The capital stock of the corporation is regarded by the law as a trust fund for the benefit of the creditors, and the shareholder who has not paid the amount of his subscription to the capital stock is regarded as a trustee of a portion of this trust fund. The capital stock is held out to all who extend credit to the corporation as security for the debts it contracts, and there is an implied agreement by the stockholder that he will answer for the debts of the corporation, in case of its insolvency, to the amount of the unpaid portion of his subscription to the capital stock. The statute recognizes the obligations of this implied agreement, and provides a proceeding for its enforcement. Before its enactment, the remedy of the creditor of the corporation against the shareholders was by an action in chancery to compel them to contribute *pro rata* to the discharge of the debt. Story's Equity Jurisprudence, § 1252.

But the object of the legislature in enacting the statute was, undoubtedly, to afford him a remedy which, as between him and the stockholders, should be exclusive, and there is now no other proceeding against the shareholder by which he can be compelled to contribute to the satisfaction of his debt, except the one provided by the statute.

While, therefore, the individual liability of the shareholders for the debts of the corporation grows out of the contract relations between them and its creditors, the right of action against them thereon accrues in favor of the creditor only on the happening of the events which the statute has made conditions precedent to his right of recovery against them.

Under the practice before the statute, when the remedy of the creditor was by a creditor's bill in equity, it was essential to his right of action against the shareholder that he should have exhausted his legal remedies against the corporation, and a casual examination of sections 1083, 1084 shows,

as I think, that the legislature never intended to change the rule in this respect. It is perfectly clear, I think, that the action to charge the stockholder, provided by section 1084, can be maintained by the creditor only after his claim against the corporation has been reduced to judgment.

The manifest object of the proceedings contemplated by the statute is to charge the shareholder with the judgment against the corporation, and no lawyer would think of attempting to proceed against him until the legal liability of the corporation was established by the judgment of some court of competent jurisdiction. As plaintiff's right of action against defendant did not accrue thereon until it obtained its judgment against the corporation, the statute of limitations did not begin to run until that time. Code, § 2529. The holding of the majority is, in effect, that it began to run whenever the corporation became bankrupt, and had no property out of which the creditor's claim could be made. I cannot bring myself to believe that this is the true rule. If it is, it might follow, in some cases, that the remedy of the creditor against the shareholder might be barred before his right accrues under the statute, to institute proceedings for its enforcement; this would be the case in every instance where the debt of the corporation does not mature until five years after it becomes insolvent.

The rule I am contending for could work the hardships and inconveniences pointed out in the original opinion only in case the shareholder neglected his own interests. The stockholder of an insolvent corporation has it in his power at any time to institute legal proceedings for the winding up of its affairs, and the collection and proper application of its assets,— a proceeding not always open to the creditor; and in this right he has ample protection against the liability to be charged with stale or unjust claims against the corporation.

But if the rule is the correct one, as I think it is, it ought to be applied regardless of the consequences which might

follow its application. In my opinion the judgment of the circuit court should be reversed.

MR. JUSTICE ADAMS concurs in this dissent.