ISADOR A. LUFT *vs.* FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF AMERICA.

MORRIS SMALL *vs.* SAME.

JUNE 26, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J.   The above entitled cases were brought to
recover damages from the defendant insurance company for
injuries sustained in a collision between an automobile in
which the plaintiffs were passengers and an automobile
owned and operated by William P. Barstow.   The collision
occurred on November 6, 1926, in the town of Plainfield,
Conn.   August 19, 1927, writs were issued against Barstow,
who is a resident of the State of Connecticut, and were re-
turned *non est inventus*.   On September 28 of the same year
writs were issued against the Automobile Insurance Com-
pany of America.   Verdicts were directed for said company
when it appeared at the trial that it insured Barstow against
loss from fire and theft only.   Thereafter on April 26, 1929,
the writs in the instant case were issued against the present
defendant which had insured Barstow against liability for
personal injuries.   The defendant filed pleas in each case of
the general issue and special pleas setting up the statute of
limitations.

The cases were tried in the Superior Court without a
jury and the trial justice gave decision for the plaintiff in
each case.   The cases are here on defendant's exceptions.
The sole question presented for our determination arises from
the refusal of the trial justice to sustain defendant's pleas of
the statute of limitations.

The plaintiffs brought their actions against the defendant
under the provisions of Section 7, Chapter 258, General Laws,
1923, the pertinent part of which is as follows: "Every policy
hereafter written insuring against liability for property
damage or personal injuries or both   .   .   .   shall contain

provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay him the amount of damages for which such insured is liable. Such injured party . . . in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process 'non est inventus,' the said injured party . . . may proceed directly against the insurer . . . ."

Section 1 of Chapter 334, G. L., 1923, provides that: "Actions for injury to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after." The accident in which the plaintiffs sustained their injuries occurred November 6, 1926, and the present actions were brought April 26, 1929. If Barstow were the defendant, there would, of course, be no question as to the statute being a bar to recovery. The trial justice ruled that the plaintiffs' rights of action against the defendant did not accrue until the writs against Barstow were returned *non est inventus*. If this ruling is sustained the actions are not barred by the statute as they were brought within two years after the said return.

In *Miller* v. *Metropolitan Cas. Ins. Co. of N. Y.*, 50 R. I. 166, this court in construing the statute under consideration said: "In construing the statute the right given to the injured person and the obligation undertaken by the Insurance Company should both be protected if possible. The aim of the statute as to the injured person was not to place him in a more advantageous position than that of the insured. It was to subrogate him to the right which the insured would have had if he had paid the judgment. . . . It gave the right to the injured person to stand in the place of the insured but left the Insurance Company free to contest liability under the policy." It was not the purpose of the statute to impose on the insurer a liability distinct from the liability of the insured to the injured party. The liability of the defendant to the plaintiffs is dependent upon the fact of liability of the insured. If the latter is not liable the insurer is not liable.

When as in the instant case the action is directly against the insurer the plaintiff must establish his case exactly as though the insured was the defendant. Every defense that is available to the insured is equally available to defendant, otherwise the anomalous situation might arise where the surety would be held liable when the principal was discharged. *Bernd* v. *Lynes*, 71 Conn. 733.

The condition in the statute requiring that a writ against the insured must first be returned *"non est inventus"* does not affect the right of action except to delay its enforcement until the condition is complied with. The condition refers to the remedy and not to the right.

It is not uncommon that a preliminary step must be taken before a right already accrued can be enforced. In suits against towns for personal injuries the right of action accrues at the time of the injury and the statute of limitations runs from that time but suit can not be brought until after notice of the claim has been given the town. Sec. 17, Chap. 47, G. L., 1923; 37 C. J. 355; *First Natl. Bank of Garrettsville* v. *Greene*, 64 Ia. 445. To hold that the statute of limitations does not begin to run until the writ is returned *non est inventus* would, in effect, allow claimants in personal injury cases such as these to extend indefinitely the period of limitation prescribed by the statute.

It is clear that in providing for recovery directly from an insurer the legislature did not contemplate giving to an injured party the power to extend at will the statutory period of limitation for bringing action for personal injuries. *Griffin* v. *Woodhead*, 30 R. I. 204; *Bank of Garrettsville* v. *Greene, supra*.

The trial justice made his ruling on the authority of *Kilton, Warren & Co.* v. *Providence Tool Co.*, 22 R. I. 605. That case was a suit brought to enforce stockholders' statutory liability for the debts of the corporation. The statute provided that such suit should be brought by a bill in equity or debt on judgment after judgment had been first obtained against the corporation. The court held that, as a creditor

could not bring debt on judgment until judgment had been obtained against the corporation, the right did not accrue until after said judgment and it was not until then that the statute began to run. In other words, the plaintiffs were suing on a new cause of action, that is, debt on judgment. But the statute under which plaintiffs sought to recover in the *Kilton, Warren* case did not allow the creditors to prolong indefinitely the running of the statute of limitations. Said statute contains a provision that in any suit brought against a stockholder, such stockholder could contest the validity of the claim upon which judgment against such corporation was obtained upon any ground upon which such corporation could have contested the same in the action in which such judgment was recovered.

Our conclusion is that plaintiffs' right of action against defendant arose at the time when the injuries complained of were sustained and that, as the actions were not commenced until after two years from that time, the statute is a bar to recovery.

There is no merit in the plaintiffs' further contention that they may prosecute their suits under provision of Section 9, Chapter 334, G. L., 1923, which permits the bringing of a new suit within one year if the original action was for any cause abated. That statute is not applicable in the case of a defendant which was a stranger to the original action. See *Mockel* v. *Pawtucket Gas Co.*, 48 R. I. 485.

The defendant's exception in each case is sustained.

The plaintiffs may, on July 6, 1931, appear before this court and show cause, if any they have, why the cases should not be remitted to the Superior Court with directions to enter judgment for the defendant.

*Walter I. Sundlun, Baker & Spicer*, for plaintiffs.

*Henry M. Boss, Jr., Boss, Shepard & McMahon*, for defendant.