Shannon **RIVERS**

v.

**AMERICAN COMMERCE INSURANCE COMPANY et al.**

No. 2002–582–M.P.

Supreme Court of Rhode Island.

Dec. 4, 2003.

Joel Gerstenblatt, Providence, for Plaintiff.

Christopher Fay, Cranston, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case is before the Court on a writ of certiorari that we issued to review the Superior Court's order denying the defendant's motion for summary judgment. The parties appeared for oral argument on September 22, 2003, pursuant to an order directing them to show cause why the issues raised should not be summarily decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause

has not been shown and shall proceed to decide the case at this time.

The defendant, American Commerce Insurance Company (ACIC or defendant), challenges the denial by a Superior Court motion justice of its motion for partial summary judgment. ACIC was the insurer for Joselito Quesada (Quesada),[1] who was the operator of a vehicle involved in an accident with plaintiff's vehicle which is the subject of this negligence lawsuit. By motion, ACIC contended that the claim against it by Shannon Rivers (Rivers or plaintiff) for personal injuries was barred by the three-year statute of limitations set forth in G.L.1956 § 9–1–14(b). Upon *de novo* review of the narrow question of law hereinafter discussed, we agree that Rivers's direct suit against ACIC was filed out of time and that ACIC was entitled to judgment as a matter of law. We therefore quash the order of the Superior Court denying summary judgment.

On January 4, 1999, Rivers and Quesada were involved in an automobile accident at the intersection of Colfax Street and Ocean Street in Providence. Rivers filed a complaint for personal injuries and property damage against Quesada on November 29, 2001. However, attempts to serve the summons and complaint upon him were unavailing and the summons and complaint were returned *non est inventus*. On March 19, 2002, plaintiff filed an amended complaint that named ACIC as codefendant with Quesada, alleging that ACIC insured Quesada under a policy of automobile insurance at the time of the accident, that ACIC was responsible for the damages incurred, and that, in accordance with G.L.1956 § 27–7–2,[2] ACIC was properly joined as a party.

ACIC promptly filed a motion for partial summary judgment on Rivers's claims for personal injuries, medical expenses, lost wages, and pain and suffering, arguing that the claim was barred by the three-year limitations period governing personal injuries as provided by § 9–1–14(b).[3] ACIC argued that although § 27–7–2 properly authorizes Rivers to bring a direct action against ACIC upon return of process against its insured *non est inventus*, the statute in no way lengthens, tolls or modifies the limitations period for bringing such an action. ACIC argued that the three-year statute of limitations had expired months before suit was brought directly against it on March 19, 2002, because the limitations period had commenced on January 4, 1999, the date of the accident giving rise to plaintiff's alleged injuries. In support of its argument, ACIC principally relied upon this Court's holding in *Luft v. Factory Mutual Liability Insurance Co. of America*, 51 R.I. 452, 155 A. 526 (1931), a factually similar case in which this Court deemed suit against

---

1. Joselito Quesada, who was named a codefendant in the Superior Court, is not a party to this appeal.

2. General Laws 1956 § 27–7–2 provides in relevant part:

    "**Remedies of injured party against insurer.**—An injured party * * * shall not join the insurer as a defendant. If the officer serving any process against the insured shall return that process 'non est inventus', or where before suit has been brought and probate proceedings have not been initiated the insured has died, or where a suit is pending against an insured in his or her own name and the insured died prior to judgment, or where a nonresident had been involved in an automobile accident in Rhode Island as an operator or owner and died before suit has been brought, the injured party * * * may proceed directly against the insurer."

3. General Laws 1956 § 9–1–14(b) provides as follows: "Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

the insurer to be out of time. ACIC urged the motion justice to make a determination in its favor based on the parallel facts and reasoning in *Luft*.

At the hearing on ACIC's motion, plaintiff argued that, notwithstanding the holding in *Luft*, great weight should be given to Rule 4(*l*) of the Superior Court Rules of Civil Procedure [4] and the impact that the 120–day service of process time allowance should have on the outcome of this case.[5] Rivers argued that her claim against ACIC should be recognized as timely filed within the statutory period because the original complaint against Quesada was filed within the three-year statute of limitations, and the addition of ACIC to the lawsuit by amended complaint was effectively a substitution of party in a derivative action, not the commencement of a direct action against ACIC. Furthermore, Rivers argued that, once her good faith effort to serve Quesada proved unavailing, the carrier was promptly added to the complaint and served within the 120–day time frame allowed for service of the original complaint. Rivers's position was that the 120–day period allowed for service of process on an original complaint extends the three-year limitations period, thereby allowing a carrier to be added as a party in the event that service has been returned *non est inventus*.

The motion justice, persuaded by Rivers's argument, denied ACIC's motion for summary judgment. She reasoned that, notwithstanding the strict three-year limi-

tations period imposed by statute for commencement of personal injury suits, an exception may be allowed when, as in the narrow circumstances of this case, a claim is commenced and service effectuated against an insurer upon return of service *non est inventus* against the insured, even after the three years have run as against the insured, but within the 120–day service time frame allowed on the original complaint. After granting petitioner's petition for writ of certiorari, we now have occasion to review this decision. Both parties reassert the same arguments advanced in the Superior Court at the motion for summary judgment.

■ When reviewing the denial of a motion for summary judgment, "we apply the same standard as the lower court." *Marchetti v. Parsons*, 638 A.2d 1047, 1049 (R.I. 1994). "After reviewing the pleadings, affidavits * * * and other [relevant documents] in the light most favorable to the nonmoving party, we must conclude whether the moving party is entitled to judgment as a matter of law." *Id.* (citing *Aetna Casualty & Surety Co. v. Vierra*, 619 A.2d 436, 437 (R.I.1993)).

■ We review questions of law *de novo*. *Rhode Island Depositors Economic Protection Corp. v. Bowen Court Associates*, 763 A.2d 1005, 1007 (R.I.2001). In this case, the sole basis of defendant's motion for summary judgment is that plaintiff's claim against it was untimely filed beyond the three-year limitations period. Neither party having contested the

---

4. Rule 4(*l*) of the Superior Court Rules of Civil Procedure provides the following:

   "*Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the commencement of the action and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that

defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

5. The 120–day limit service provision provided in Rule 4(*l*) was instituted by a 1995 amendment to the Superior Court Rules of Civil Procedure, well after the *Luft* decision of 1931.

date of the accident or the date in which this action was brought against defendant, this Court's role is limited to a *de novo* review of the 'narrow question of law before us on appeal. We conclude that Rivers's suit against ACIC was filed out of time and that ACIC was entitled to judgment as a matter of law.

■ It is generally recognized that "a cause of action accrues and the applicable statute of limitations begins to run at the time of the injury to the aggrieved party." *Martin v. Howard*, 784 A.2d 291, 299 (R.I. 2001) (citing *Plouffe v. Goodyear Tire and Rubber Co.*, 118 R.I. 288, 293, 373 A.2d 492, 495 (1977)). However, this Court has recognized "narrowly circumscribed factual situations," *Renaud v. Sigma–Aldrich Corp.*, 662 A.2d 711, 714–15 (R.I.1995), in which the applicable statute of limitations will be tolled. Although some of these exceptions are endorsed by statute, all are based on clearly defined public policy and equity concerns. For example, the limitations period for a civil action claimant may be tolled for a legal disability, including mental incompetence, unsound mind, or minority status, *see* § 9–1–19, or under some circumstances of alleged professional malpractice, *see* § 9–1–14.1, § 9–1–14.3, or fraud, *see* § 9–1–20. Because the Legislature has not stated otherwise, we must read § 9–1–14(b) and § 27–7–2 *in pari materia;* we have no authority with which to extend the limitations period to accommodate parties obligated to withhold suit against an insurer directly until after service is returned *non est inventus.*

Public policies attendant to the circumstances in which exceptions to the statute of limitations have been made are not present in this case. "Statutes of limitation promote certainty and finality and avoid stale claims, whereas tolling statutes[, for example,] provide temporary shelter from those limitations for plaintiffs who cannot protect their legal rights while under certain impediments. After the removal of the impediment, claims must be brought within a specific time." *Roe v. Gelineau*, 794 A.2d 476, 485 (R.I.2002). In the instant case, plaintiff was at all times capable of protecting her legal rights; the conditions imposed by § 27–7–2 do not rise to the level of an impediment that would have prevented plaintiff from bringing her action within the applicable three-year period commencing with the date of the accident.

The reasoning in the case invoked by defendant, *Luft*, remains sound and we see no reason to depart from it. In that case, the defendant insurance carrier, against whom suit was commenced pursuant to the statutory predecessor of § 27–7–2,[6] sought dismissal on the grounds that the suit was brought after the then two-year statute of limitations for personal injuries had run. The trial justice ruled that the plaintiffs' rights of action against the defendant did not accrue until the writs against the insured were returned *non est inventus.* This Court sustained defendant's appeal based on a holding that it was not the intention of the Legislature to give an injured party "the power to extend at will the statutory period of limitation for bringing action for personal injuries[,]" nor was the injured person to be placed in a more advantageous position than that of the insured. *Luft*, 51 R.I. at 455, 155 A. at 527.

---

6. The statute in effect under *Luft v. Factory Mutual Liability Insurance Co. of America*, 51 R.I. 452, 155 A. 526 (1931), G.L. 1923, ch. 258, § 7, directly paralleled § 27–7–2 and read: "* * * Such injured party * * * shall not join the insurer as a defendant. If, how- ever, the officer serving any process against the insured shall return said process 'non est inventus,' the said injured party * * * may proceed directly against the insurer." *Luft*, 51 R.I. at 454, 155 A. at 526 (quoting G.L. 1923, ch. 258, § 7).

This Court stated: "The condition in the statute requiring that a writ against the insured must first be returned *'non est inventus'* does not affect the right of action except to delay its enforcement until the condition is complied with. The condition refers to the remedy and not to the right." *Id.* at 455, 155 A. at 527. Further, this Court noted that the requirement that a preliminary step be taken before a right already accrued can be enforced is not uncommon, such as the requirement that a town first be given notice of a personal injury claim against it before suit may be brought. *Id.*

Although *Luft* was decided many years ago, and our court rules have since provided for definitive service of process time requirements, the law on enforcement of statutory filing limitations remains the same. The Rhode Island General Assembly has had ample opportunity to amend the law on limitations and has not done so. Therefore, we deem *Luft* to be controlling. In short, today *Luft* stands for the proposition that a plaintiff may not bring a direct claim against an insurer pursuant to § 27–7–2 after the statute of limitations governing the claim has expired. We do not agree that the 120–day period for service of process on an insured as provided in Rule 4(*l*) tolls or otherwise extends the limitations period with regard to a plaintiff's claim against an insurer. Although 120 days is not an indefinite amount of time within which suit may be brought, it nonetheless exceeds the three-year limit imposed by statute and it would effectively place plaintiffs in a more advantageous position than defendants. Having no evidence to the contrary, we must conclude that plaintiff was capable of bringing suit well before the limitations period expired in order to safeguard her alternate remedy provided in § 27–7–2. This is neither a burdensome preliminary step, nor an impediment to the pursuit of plaintiff's right of recovery.

Furthermore, it is worthy of mention that upon filing suit against ACIC, Rivers was initiating a direct action against the carrier and not a substitution action. Although there existed a common claim, demand, and cause of action in the suit against Quesada and ACIC, the addition of ACIC to the amended complaint was no different, for purposes of time limitations for filing, than had suit been brought originally against ACIC independently of Quesada. As aptly noted by the motion justice, plaintiff's reliance that the suit against ACIC was a mere substitution is misplaced. Although § 27–7–2 permits suit against the insurer when service is returned *non est inventus* as well as on the insured's death prior to judgment, the statute clearly contemplates the filing of a direct action in both instances. This is evidenced by the statutory language that the injured party "may proceed *directly* against the insurer." (Emphasis added.)

Finally, Rule 15(c) of the Superior Court Rules of Civil Procedure is of no avail to plaintiff in this case. Rule 15(c) allows for an amended pleading to relate back to the date of the original pleading when the claim or defense arose out of the same conduct, transaction, or occurrence, the party added to the complaint has received notice of the action so as not to be prejudiced and knew or should have known that but for a mistake concerning identity of the proper party the action would have been brought previously against the party. In this case, Rivers made no mistake about the proper parties to the action, and ACIC, although in receipt of a courtesy copy of the original action against Quesada, was not served, which would have allowed it to assert its defenses.

On review of the order denying the defendant's motion for summary judgment,

we are of the opinion that summary judgment should have been granted in ACIC's favor as a matter of law. It is undisputed that the plaintiff did not file suit against ACIC until March 19, 2002, well after the three-year statutory limitation period. Accordingly, we hold that the action was barred under the statute of limitations, and therefore the trial justice erroneously denied the defendant's motion for summary judgment relative to personal injuries allegedly caused on January 4, 1999.

For the foregoing reasons, we quash the order of the Superior Court denying summary judgment and direct the Superior Court on remand to enter judgment in favor of ACIC. The record shall be remanded to the Superior Court with our decision endorsed thereon.