Angelo DeSANTIS et al.

v.

Wallace PRELLE et al.

No. 2004–269–Appeal.

Supreme Court of Rhode Island.

Feb. 24, 2006.

Christopher M. Rawson, Providence, for Plaintiffs.

Kevin M. Cain, Providence, for Defendants.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.

May an injured party initiate a direct action against a tortfeasor's insurance carrier under G.L.1956 § 27-7-2 after the expiration of the three-year limitations period applicable to personal injury actions? In the context of this case, the Superior Court relied on clearly established precedents and answered in the negative, thereby granting the insurance carrier's motion to dismiss the plaintiffs' complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure for failing to state a claim upon which relief can be granted. Although we treat the insurer's motion as one for summary judgment, we nevertheless affirm.

### Facts and Procedural History

On May 10, 2002, plaintiffs, Angelo and Vicki DeSantis, filed suit against Wallace Prelle, alleging that he was liable for personal injuries and loss of consortium as the result of his negligent operation of a motor vehicle on May 28, 1999. It is undisputed that they filed their complaint eighteen days before the statute of limitations expired. Unbeknownst to plaintiffs, however, Mr. Prelle himself had expired on August 1, 2000.

The plaintiffs' counsel first learned of Mr. Prelle's death on June 11, 2002, and on July 11, 2002, the attempted service of process was returned *non est inventus.* The plaintiffs moved to substitute Mr. Prelle's "insurance company, MetLife Auto & Home Insurance Co., in place of the defendant," which motion was granted on October 31, 2002. By leave of the court, the plaintiffs subsequently filed a second amended complaint, which named as defendants "MetLife Auto & Home Insurance Co., alias, and/or Metropolitan Property and Casualty Co." (Metropolitan) in

order to reflect the insurer's correct corporate identity.

Metropolitan then filed a motion to dismiss plaintiffs' second amended complaint pursuant to Rule 12(b)(6), promoting three grounds for dismissal: (1) that Metropolitan did not provide automobile liability insurance coverage for Mr. Prelle on the date of the alleged accident; (2) that plaintiffs did not comply with the provisions of § 27–7–2;[1] and (3) that the statute of limitations provided in G.L.1956 § 9–1–14(b) barred plaintiffs from bringing a claim against Metropolitan under § 27–7–2. Metropolitan, however, withdrew its first ground at the May 17, 2004 hearing on its motion to dismiss.[2] At the hearing, the motion justice requested an affidavit from Metropolitan setting forth when it first learned of Mr. Prelle's death, noting: "perhaps you can see my concern that what if the defendant insurance company is participating in this by not telling the plaintiff the defendant passed away." The motion justice reserved decision on Metropolitan's motion in anticipation of the affidavit, which Metropolitan submitted on June 2, 2004. The affidavit, prepared by a senior claim representative, said that Metropolitan first learned of Mr. Prelle's death on May 24, 2002, when an unnamed claim representative contacted the Washington County Superior Court clerk's office to confirm that plaintiffs had, in fact, filed a lawsuit. The claim representative then attempted to contact Mr. Prelle, whose wife informed the claim representative of Mr. Prelle's death. According to the affidavit, Metropolitan had no knowledge before May 24, 2002 that Mr. Prelle had died.[3]

On June 24, 2004, the motion justice issued a written decision granting dismiss-

---

1. General Laws 1956 § 27–7–2 provides, in pertinent part:

   "An injured party, * * * in his or her suit against the insured, shall not join the insurer as a defendant. If the officer serving any process against the insured shall return that process 'non est inventus', or where before suit has been brought and probate proceedings have not been initiated the insured has died, or where a suit is pending against an insured in his or her own name and the insured died prior to judgment, or where a nonresident had been involved in an automobile accident in Rhode Island as an operator or owner and died before suit has been brought, the injured party * * * may proceed directly against the insurer."

2. Although Metropolitan acknowledged that it was the appropriate insurance carrier well before the hearing on the motion to dismiss, there previously had been some confusion. At or around the time of the accident, Mr. Prelle maintained liability coverage through Unites States Fidelity & Guarantee Company (USF & G). After the accident on May 28, 1999, USF & G merged with St. Paul Fire and Marine Insurance Company (St. Paul), which then assumed USF & G's existing liability. Thereafter, St. Paul sold its personal insur-

ance operations to Metropolitan. Any doubt about Metropolitan's coverage was removed by a November 14, 2001 letter from a Metropolitan "Litigation Specialist" informing plaintiffs' counsel that the claim against Mr. Prelle "has been re-assigned to this writer" and that all future correspondence and inquiries should be directed to Metropolitan.

3. Metropolitan's affidavit mentions that an unnamed St. Paul claim representative attempted to contact Mr. Prelle on June 3, 1999, to take a statement concerning the collision of May 28, 1999. Mr. Prelle's wife, Anne Prelle, informed the representative that her husband was not at home, but confirmed that he was involved in a collision with Mr. De-Santis. Although the representative requested that Mr. Prelle return the call, there is no evidence that Mr. Prelle did so. Nor did St. Paul follow up on its inquiry. The affidavit states that, "no claim representative from either St. Paul Insurance Company or Metropolitan Property and Casualty Insurance Company had any contact with Wallace or Anne Prelle between June 3, 1999 and May 24, 2002." So, despite ongoing settlement negotiations between plaintiffs' counsel and Metropolitan throughout early 2002, neither party made any attempt to contact Mr. Prelle until the suit commenced.

al on the sole ground that the statute of limitations barred plaintiffs from bringing suit against Metropolitan. The court held that our recent opinion in *Rivers v. American Commerce Insurance Co.*, 836 A.2d 200 (R.I.2003), was controlling upon the facts presented in the case before it. In the decision, the motion justice referred in some detail to the representations made in Metropolitan's affidavit and in an affidavit submitted by plaintiffs. The court entered judgment on July 12, 2004, from which plaintiffs timely appealed.[4]

### Standard of Review

■ The threshold issue before us is the appropriate standard under which we should review this appeal. The Superior Court's decision in this case dismissed plaintiffs' second amended complaint against Metropolitan for failing to state a claim under Rule 12(b)(6). The motion justice, however, in his decision, considered facts sworn to in affidavits presented by both Metropolitan and plaintiffs. Specifically, the motion justice wrote that the court "requested an affidavit and has garnered the following additional facts from the new affidavits and the court file," and went on to recount those garnered facts with emphasis upon the dates the parties respectively learned of Mr. Prelle's death. Furthermore, the motion justice relied on these additional facts, which the parties did not include in their pleadings, in reaching the conclusion that the statute of limi-

tations barred plaintiffs from bringing a direct action against Metropolitan. At the hearing on the motion to dismiss, the court expressed concern that Metropolitan "may have realized that Mr. Prelle had passed on and was setting a trap"—a concern that the motion justice also referred to in his decision. The facts sworn to in Metropolitan's affidavit caused the motion justice to apply this Court's analysis in *Rivers*, which the motion justice held to be controlling and fatal to plaintiffs' suit. Accordingly, because the court considered material beyond the four corners of the complaint, Metropolitan's motion to dismiss should have been treated as a motion for summary judgment under Rule 56(b) of the Superior Court Rules of Civil Procedure. *See* Rule 12(b) ("If on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *."); *Elgar v. National Continental/Progressive Insurance Co.*, 849 A.2d 324, 326 (R.I.2004); *Bowen Court Associates v. Ernst & Young, LLP*, 818 A.2d 721, 726 (R.I.2003).

■ In treating the Superior Court's entry of dismissal for Metropolitan as though it were one of summary judgment,

---

4. Before the judgment entered, plaintiffs moved to substitute the estate of Wallace Prelle in place of defendant Wallace Prelle and submitted a proposed third amended complaint to accomplish that purpose. The "potential" defendant objected to the motion, and according to the Superior Court docket, that motion was passed on August 16, 2004. Because not all claims have been resolved, this Court ordered at a February 23, 2005 prebriefing conference that the case be remanded to the Superior Court to obtain a certification in accordance with Rule 54(b) of the Superior Court Rules of Civil Procedure and that the case thereafter be returned to this Court for full briefing and argument. Pursuant to that order, plaintiffs moved for entry of final judgment under Rule 54(b) on June 17, 2005, which motion the court granted, entering judgment on July 1, 2005. This procedural rectification, *ex ante* to our consideration of the substantive issues in this case, does not detract from the appropriateness of plaintiffs' notice of appeal filed on July 21, 2004. *See Phoenix Construction Co. v. Hanson*, 491 A.2d 330, 332 (R.I.1985).

we review plaintiffs' appeal *de novo.* *Elgar,* 849 A.2d at 326. This Court "will affirm [a grant of summary] judgment only if, after reviewing the evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Tanner v. Town Council of East Greenwich,* 880 A.2d 784, 791 (R.I.2005). Furthermore, the nonmoving party bears "the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *Lucier v. Impact Recreation, Ltd.,* 864 A.2d 635, 638 (R.I.2005)).

## Discussion

The plaintiffs raise a number of issues on appeal. By treating this appeal as a review of a grant of summary judgment, we already have indirectly disposed of the first contention, which argues that the motion justice incorrectly applied the standard for dismissal under Rule 12(b)(6). In addition, plaintiffs assert that they have satisfied all four conditions of § 27–7–2 and also that, under Rule 15(c) of the Superior Court Rules of Civil Procedure, their amended complaint "relates back to the date of the original pleading," which date was before the statute of limitations expired.

■ Recognizing that our recent opinion in *Rivers* represents a formidable hurdle in their efforts to pursue an action against Metropolitan, plaintiffs attempt to distinguish the facts in the two cases. Conversely, defendants rely on *Rivers* in arguing that § 9–1–14(b)'s three-year statute of limitations for the commencement of ac-

tions alleging personal injury bars plaintiffs' suit against Metropolitan. In *Rivers,* we held that an injured party may not proceed directly against an insurer pursuant to § 27–7–2 after the statute of limitations governing the claim has expired, notwithstanding return of process against the insured tortfeasor *non est inventus. Rivers,* 836 A.2d at 205. Because we discern no fact in the present case sufficiently distinguishable from those in *Rivers* to warrant a departure from our reasoning in that case, we hold that plaintiffs' suit against Metropolitan was filed out of time and that Metropolitan is entitled to judgment as a matter of law.

*Rivers* involved a claim stemming from an automobile collision between Shannon Rivers and Joselito Quesada on January 4, 1999. *Rivers,* 836 A.2d at 202. Ms. Rivers filed a complaint against Mr. Quesada on November 29, 2001, but attempts to serve the summons and complaint upon him were returned *non est inventus. Id.* Thereafter, on March 19, 2002, the plaintiff filed an amended complaint naming American Commerce Insurance Company (ACIC) as a codefendant to the suit, alleging that ACIC, as Mr. Quesada's insurer at the time of the collision, was properly joined as a party in accordance with § 27–7–2. ACIC promptly filed a motion for partial summary judgment, and argued that § 9–1–14(b) barred the plaintiff's claims by imposing a three-year statute of limitations that accrued at the time of the collision.[5] *Rivers,* 836 A.2d at 202.

■ This Court held that Ms. Rivers could not bring a direct claim against ACIC pursuant to § 27–7–2 after the three-year statute of limitations provided in § 9–1–14(b) expired. *See Rivers,* 836

5. General Laws 1956 § 9–1–14(b) provides that "[a]ctions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

A.2d at 205. Our analysis began by recognizing that "a cause of action accrues and the applicable statute of limitations begins to run at the time of the injury to the aggrieved party." *Id.* at 204 (quoting *Martin v. Howard*, 784 A.2d 291, 299 (R.I. 2001)). Because the cause of action in *Rivers* accrued on January 4, 1999, Ms. Rivers had until January 4, 2002, in which to bring an action based on personal injury against Mr. Quesada. *See* § 9–1–14(b). Based on our reading of § 9–1–14(b) and § 27–7–2 *in pari materia*, we concluded that the three-year statute of limitations also applied to the amended complaint naming ACIC as a codefendant to the suit. *Rivers*, 836 A.2d at 204–06. Significantly, we held that § 27–7–2 "clearly contemplates the filing of a direct action" against an insurer, as evidenced in the statutory language permitting the injured party to "proceed *directly* against the insurer," following the satisfaction of one of four conditions. *Rivers*, 836 A.2d at 205 (quoting § 27–7–2 (emphasis added)). Consequently, Ms. Rivers's amended complaint against ACIC constituted a direct action against the carrier, not merely a substitution action. *Id.* at 205.

In reaching our conclusion, we reaffirmed the holding of *Luft v. Factory Mutual Liability Insurance Co. of America*, 51 R.I. 452, 155 A. 526 (1931), a case of longstanding vitality. *See Rivers*, 836 A.2d at 205. *Luft* addressed a plaintiff-injured party's invocation of § 27–7–2 against a defendant-insurance carrier brought after the then two-year statute of limitations for personal injuries had expired. *Luft*, 51 R.I. at 453–54, 155 A. at 526. This Court's reasoning in *Luft* merits republication:

> "The condition in the statute requiring that a writ against the insured must first be returned '*non est inventus*' does not affect the right of action except to delay its enforcement until the condition is complied with. The condition refers to the remedy and not to the right.

> "* * * To hold that the statute of limitations does not begin to run until the writ is returned *non est inventus* would, in effect, allow claimants in personal injury cases such as these to extend indefinitely the period of limitation prescribed by statute." *Id.* at 455, 155 A. at 527.

We added in *Rivers* the observation that the General Assembly had many opportunities to amend statutory filing limitations since our 1931 decision in *Luft*, but did not do so in a way material to the disposition of the matter then before us.[6] *Rivers*, 836 A.2d at 205.

**6.** The General Assembly amended the statute of limitations for personal injuries several times during the seventy-two years that separated our decisions in *Luft* and *Rivers*. In 1971, the General Assembly prospectively extended the limitations period from two to three years. P.L. 1971, ch. 200, § 1. In 1973, language was added directing that the "act shall apply retroactively to those actions which had accrued less than two years prior to August 1, 1971," and that the act shall apply prospectively for all other actions. P.L. 1973, ch. 162, § 1. Later, in 1976, the General Assembly added a provision providing only a one-year limitations period for claims based on alienation of affections when the plaintiff and spouse have lived apart for one year or more, P.L. 1976, ch. 188, § 1, but then removed that provision from the language of § 9–1–14 in 1985 in favor of an outright prohibition of such claims in another section. P.L. 1985, ch. 123, §§ 1, 2.

The language of § 27–7–2 also saw several alterations, none of which affect the substance of our analysis. In 1936, the General Assembly added language that permitted an injured party to enforce a judgment obtained against an insured in a separate action against the insurer. 1936 R.I. Acts & Resolves ch. 2422, § 1. In 1972, legislators provided two additional triggering conditions beyond the return of process *non est inventus:* "where before suit has been brought and probate proceedings have not been initiated the

The plaintiffs' attempts to distinguish this case from *Rivers* are unavailing. They assert that, unlike ACIC in *Rivers*, Metropolitan was served with process within 120 days of the filing of the original complaint on May 10, 2001, as provided in Rule 4(*l*) of the Superior Court Rules of Civil Procedure.[7] We addressed and rejected this argument in *Rivers:*

> "We do not agree that the 120–day period for service of process on an insured as provided in Rule 4(*l*) tolls or otherwise extends the limitations period with regard to a plaintiff's claim against an insurer. Although 120 days is not an indefinite amount of time within which suit may be brought, it nonetheless exceeds the three-year limit imposed by statute and it would effectively place plaintiffs in a more advantageous position than defendants." *Rivers,* 836 A.2d at 205.

We decline today to depart from our holding in *Rivers* that the definitive service of process time requirements provided in Rule 4(*l*) do not toll the statutory filing limitations provided in § 9–1–14(b).[8]

The plaintiffs also argue that *Rivers* did not address the death of an insured before suit, but only the absence of service upon the insurer before the limitations period expired. We are unpersuaded that the

circumstances of Mr. Prelle's death affect our reading of § 9–1–14(b) and § 27–7–2. In *Roe v. Gelineau,* 794 A.2d 476, 485 (R.I.2002), this Court stated that, "[s]tatutes of limitation promote certainty and finality and avoid stale claims, whereas tolling statutes provide temporary shelter from those limitations for plaintiffs who cannot protect their legal rights while under certain impediments." Applying this principle to the facts in *Rivers,* we held that the triggering language of § 27–7–2 simply required the completion of a preliminary step before the injured party could sue the insurer directly for the actions of the insured; it did not prevent Ms. Rivers from protecting her legal rights during the limitations period. *Rivers,* 836 A.2d at 204. We declined, therefore, "to extend the limitations period to accommodate parties obligated to withhold [filing] suit against an insurer directly until after service is returned *non est inventus." Id.* Thus, our analysis in *Rivers* did not turn on *why* service of process upon Mr. Quesada was returned *non est inventus;* rather, we addressed the issue of *when* Ms. Rivers filed her amended complaint against ACIC. *See Rivers,* 836 A.2d at 204–05. Indeed, the status or whereabouts of the insured in *Rivers* was unclear from the record, irrelevant to our analysis, and therefore, unaddressed in our opinion.[9]

---

insured has died, or where a suit is pending against an insured in his own name and the insured dies prior to judgment." P.L. 1972, ch. 188, § 1. The next year, a fourth was added: "where a non-resident had been involved in an automobile accident in Rhode Island as an operator or owner and died before suit has been brought." P.L. 1973, ch. 205, § 1.

**7.** We note that in *Rivers,* ACIC was, in fact, served within 120 days of the filing of Ms. Rivers's claim against Mr. Quesada.

**8.** It is noteworthy, however, to distinguish this case from *Markham v. Allstate Insurance Co.,* 116 R.I. 152, 156, 352 A.2d 651, 654

(1976), in which we held "that where a suit is *pending* against an insured and the insured has died the injured party may proceed directly against the insurer." (Emphasis added.)

**9.** The reason behind the return of service *non est inventus* went similarly unaddressed in *Luft.*· Although we noted that William Barstow, the insured in that case, resided in Connecticut, we did not explore the implication of the insured's nonresidency in Rhode Island. *See Luft v. Factory Mutual Liability Insurance Co. of America,* 51 R.I. 452, 453, 155 A. 526, 526 (1931). As mentioned above, the residency of the insured did not become

*Id.* at 202. In the case at bar, the death of Mr. Prelle on August 1, 2000, did not preclude plaintiffs from exercising their alternate remedy provided in § 27–7–2 before the limitations period expired on May 28, 2002.

The plaintiffs further argue, in the alternative, that the second amended complaint against Metropolitan relates back to the original complaint against Mr. Prelle pursuant to Rule 15(c). The plaintiffs assert that a lack of knowledge concerning Mr. Prelle's death caused them to misidentify the proper party on May 10, 2002. Metropolitan, plaintiffs argue, was in fact the proper party to be named in the original complaint. Rule 15(c) allows for an amended pleading to relate back to the date of the original pleading when the claim or defense arose out of the same conduct, transaction, or occurrence, provided that:

> "the party to be brought in by amendment (1) has received such notice of the institution of the action that the party would not be prejudiced in maintaining a defense on the merits; and (2) knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against the party."

As a preliminary matter, the second condition above inquires whether *the party to be brought in by amendment,* in this case Metropolitan, knew or should have known that, but for plaintiffs' mistake concerning the identity of the proper party, the action would have been brought against Metropolitan. *See* Rule 15(c); *Hall v. Insurance Company of North America,* 727 A.2d 667, 669 (R.I.1999). Our relation-back analysis does not require the same inquiry with

respect to plaintiffs, as plaintiffs' argument suggests.

Moreover, plaintiffs' argument fails, irrespective of whether this Court holds Metropolitan chargeable with the knowledge of Mr. Prelle's death, because plaintiffs have not satisfied the first condition of Rule 15(c) above. As we already have stated, § 27–7–2 provides an alternate remedy, in limited circumstances, for proceeding against an insurer directly when the injured party is unable to proceed against the insured. In *Luft,* this Court addressed the parity concerns implicated by this special cause of action:

> "When, as in the instant case, the action is directly against the insurer, the plaintiff must establish his case exactly as though the insured was the defendant. Every defense that is available to the insured is equally available to defendant; otherwise the anomalous situation might arise where the surety would be held liable when the principal was discharged." *Luft,* 51 R.I. at 455, 155 A. at 527.

This want of parity for suits initiated under the provisions of § 27–7–2 underpinned the reasoning of our opinion in *Rivers.* There, we rejected a similar Rule 15(c) argument because, although Ms. Rivers mailed ACIC a courtesy copy of the original complaint against Mr. Quesada before the limitations period expired, ACIC was unable to assert any defenses until it was actually served. *Rivers,* 836 A.2d at 205. In the present case, Metropolitan was unable to make any affirmative defenses until well after the limitations period had expired on plaintiffs' claim against Mr. Prelle. To allow plaintiffs to circumvent the narrow reaches of § 27–7–2 by means of a rule of court would vitiate the

---

an issue until 1973, when the General Assembly amended that language of § 27–7–2 to provide a separate triggering condition based on the nonresidency of the insured. P.L. 1973, ch. 205, § 1.

homogeny between insured and insurer that we articulated in *Luft* and affirmed in *Rivers.*

This Court need not address plaintiffs' remaining arguments on appeal, which aver the factual bases that permit them to proceed under § 27–7–2. Our reaffirmation today that the three-year limitations period provided in § 9–1–14(b) applies to claims against the insured and insurer alike renders plaintiffs' remaining arguments irrelevant. The filing of the complaint against the insurer beyond the statutory limitations period foreclosed plaintiffs' ability to proceed against Metropolitan directly for the actions of its deceased insured. We hold, therefore, based upon our *de novo* review, that no genuine issue of material fact exists and that Metropolitan is entitled to judgment as a matter of law.

We agree with the motion justice that this result is harsh, but inescapable in light of our clearly established precedents. We noted in *Rivers* that, since *Luft* was decided in 1931, the General Assembly has taken no action to amend significantly the law on enforcement of statutory filing limitations. *Rivers,* 836 A.2d at 205. All that has transpired since *Rivers* is the passage of two more years. It is not for this Court to assume a legislative function when the General Assembly chooses to remain silent. *See Henry v. Cherry & Webb,* 30 R.I. 13, 38, 73 A. 97, 107 (1909); *see also Bandoni v. State,* 715 A.2d 580, 596 (R.I. 1998) ("[T]he function of adjusting remedies to rights is a legislative responsibility rather than a judicial task * * *."). To do otherwise, even if based on sound policy and the best of intentions, would be to substitute our will for that of a body democratically elected by the citizens of this state and to overplay our proper role in the theater of Rhode Island government.

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court, to which we remand the record in this case.